UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HECTOR MUNOZ, | ) | 1:08-CV-00350 GSA HC |
| | ) | |
|     Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS |
| | ) | [Doc. #9] |
|     v. | ) | |
| | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS AND DIRECTING |
| ROBERT ADAMS, Warden, | ) | CLERK OF COURT TO ENTER JUDGMENT |
| | ) | |
|     Respondent. | ) | ORDER DECLINING ISSUANCE OF |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated June 3, 2008, this case was assigned to the undersigned for all purposes, including entry of final judgment.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Tulare, following his conviction by jury trial on May 13, 2003, of conspiracy to manufacture methamphetamine (Cal. Penal Code § 182(a)(1); Cal. Health & Saf. Code § 11379.6); manufacture of methamphetamine (Cal. Health &

Saf. Code § 11379.6(a)); permitting production of methamphetamine on property he controlled (Cal. Health & Saf. Code § 11366.5(a)); and child endangerment (Cal. Penal Code § 273a(a)). (LD 1 at p. 2.[1]) The jury further found true enhancement allegations that substances containing methamphetamine exceeded 10 pounds of solid substance by weight or 25 gallons of liquid by volume (Cal. Health & Saf. Code § 11379.8(a)(3)). (LD 1 at p.2.) On June 13, 2003, Petitioner was sentenced to serve a total determinate term of 16 years, four months, in state prison. (LD 1 at p.2.)

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District (hereinafter "Fifth DCA"). On December 2, 2004, the Fifth DCA reversed the enhancement allegation attached to count 1 and remanded the matter for retrial and resentencing on this allegation; the judgment was affirmed in all other respects. (LD 1 at p. 16-17). On January 11, 2005, Petitioner filed a petition for review in the California Supreme Court. (LD 2.) On February 16, 2005, the petition was summarily denied. (LD 3.)

On April 12, 2005, Petitioner was resentenced in the trial court to the same term of 16 years, four months. (LD 4 at p.2.) Petitioner again appealed to the Fifth DCA. (LD 4.) On August 22, 2006, the Fifth DCA affirmed the judgment. (LD 4 at p.10.) Petitioner then filed a second petition for review on September 22, 2006, in the California Supreme Court. (LD 5.) On October 25, 2006, the petition again was denied without comment. (LD 6.)

On September 4, 2007, Petitioner filed a first federal petition for writ of habeas corpus in this Court in case no. 1:07-CV-01267-GSA-HC. In that former case, Respondent filed a motion to dismiss for failure to exhaust state remedies based on the petition containing both exhausted and unexhausted claims. On January 7, 2008, the undersigned agreed with Respondent that Grounds Four and Seven of that petition remained unexhausted. As a result, Petitioner was informed the case must be dismissed for failure to exhaust. However, Petitioner was granted the opportunity to withdraw the unexhausted claims in lieu of suffering dismissal. Petitioner was informed that if he did not move to withdraw his unexhausted claims, the Court would assume he desired to return to state court to exhaust his unexhausted claims. Petitioner was informed that a dismissal would not bar him from

---

[1] "Lodged Document" refers to the documents lodged by Respondent in support of his motion to dismiss.

returning to federal court on the exhaustion basis alone, but he was specifically informed of the existence of the one-year statute of limitations, and that it would not be tolled during the time his federal petition was pending. See Duncan v. Walker, 531 U.S. 991 (2001). Petitioner did not move to withdraw his unexhausted claims within the allotted time. Accordingly, the undersigned granted Respondent's motion to dismiss and dismissed the petition on February 28, 2008.

On March 12, 2008[2], Petitioner filed the instant petition for writ of habeas corpus. Respondent filed a motion to dismiss the petition for violating the statute of limitations on May 23, 2008. Petitioner did not file an opposition to the motion.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

---

[2] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Under the mailbox rule, the Court would deem a petition filed on the date Petitioner presumably handed his petition to prison authorities for mailing. Normally, the Court would look to the proof of service to determine the date for purpose of the mailbox rule. In this case, no proof of service was attached, and therefore, it cannot be determined when Petitioner handed the petition to authorities for mailing. In such a case, the Court could look to the prison mail log for further evidence of mailing, but this evidence was not submitted in this case. The Court notes that Petitioner signed his petition on February 1, 2008, but it seems very unlikely that this was the date he handed his petition to authorities for filing, for this would mean it took prison authorities almost a month and a half to submit the petition to the Court. Nevertheless, as will be shown below, even if the Court were to consider the federal petition filed as of February 1, 2008, it would remain untimely.

1 should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

2      In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s
3 one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural
4 standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default
5 and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to
6 dismiss pursuant to its authority under Rule 4.

7 B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

8      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
9 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of
10 habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,
11 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.
12 586 (1997).

13      In this case, the petition was filed on March 12, 2008, and therefore, it is subject to the
14 provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners
15 seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,
16 § 2244, subdivision (d) reads:

17     (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The
18     limitation period shall run from the latest of –

19         (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
20

21         (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

22

23         (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

24

25         (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

26     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall
27     not be counted toward any period of limitation under this subsection.

28 28 U.S.C. § 2244(d).

1  In most cases, the limitations period begins running on the date that the petitioner's direct
2  review became final.  In this case, the California Supreme Court denied the second petition for
3  review on October 25, 2006. Thus, direct review concluded on January 23, 2007, when the ninety
4  (90) day period for seeking review in the United States Supreme Court expired. <u>Barefoot v. Estelle</u>,
5  463 U.S. 880, 887 (1983); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir.1999); <u>Smith v. Bowersox</u>,
6  159 F.3d 345, 347 (8th Cir.1998).  Petitioner had one year until January 24, 2008, in which to file his
7  federal petition for writ of habeas corpus.  However, Petitioner delayed filing the instant petition
8  until March 12, 2008.  Absent any applicable tolling, the instant petition is barred by the statute of
9  limitations.

10 C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

11  Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application
12  for State post-conviction or other collateral review with respect to the pertinent judgment or claim is
13  pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In
14  <u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is
15  properly pursuing post-conviction relief, and the period is tolled during the intervals between one
16  state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the
17  state court system. 536 U.S. 214, 215 (2002); <u>see also</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir.
18  1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year
19  statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction
20  petition was timely or was filed within a reasonable time under state law. <u>Pace v. DiGuglielmo</u>, 544
21  U.S. 408 (2005); <u>Evans v. Chavis</u>, 546 U.S. 189 (2006). Claims denied as untimely or determined by
22  the federal courts to have been untimely in state court will not satisfy the requirements for statutory
23  tolling. <u>Id</u>.

24  Petitioner did not file any collateral actions with respect to the pertinent judgment in the state
25  courts. Therefore, he is not entitled to statutory tolling under § 2244(d)(2).

26 D.  Equitable Tolling

27  The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that
28  he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Here, the Court finds no reason to equitably toll the limitations period.

E.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than

the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1. Respondent's Motion to Dismiss the Petition is GRANTED;

2. The Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE;

3. The Clerk of Court is DIRECTED to enter judgment for Respondent; and

4. The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:   **July 24, 2008**                    **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE